Labauve, J.
The plaintiff alleges, in substance, that as counsellor-atlaw, he has rendered services to the executors of the late Antoine Mic.houd, in the settlement of the succession of the said Michoud, well worth the sum of two thousand dollars, in part payment of which he received one thousand dollars; that said services extended to the putting in possession of the universal legatee, J. B. Michoud; that after said services had been rendered, said Michoud acknowledged himself indebted unto petitioner for the same, in the sum of $2,000, one-half of which had already been paid, and agreed to pay the balance of $1,000.
.He prays for judgment accordingly, against said J. B. Michoud.
,Tke defendant excepted to the petition, alleging that plaintiff has included in his demand the services rendered previous to the tableau of distribution; that he has no right to do so, the cause of action for sai.d services which are merged in the judgment rendered on said tableau, forming Yes judicata; that the only right plaintiff has, is an action for the services rendered subsequent to the judgment on said tableau.
He'prays that the suit be dismissed, at plaintiff’s costs.
The Court, after hearing the evidence upon this exception, dismissed the same.
The defendant, in support of his exception, relies upon the following entry on the said tableau, which was duly homologated:
‘ ‘ Guy Duplantier, attorney of succession, his fees for services to the filing of tableau $1,000, proportion, $342 46.”
We are of opinion that the exception was properly overruled upon the allegations'in the petition, that the services extending to the putting in possession of the universal legatee, J. B. Michoud, after having been, rendered, were acknowledged by said J. B. Michoud, who acknowledged *531 himself indebted unto petitioner for the same in the sum of $2,000, one-half of which had already been paid, and he agreed to pay the balance of $1,000. ...
The answer, on the merits, contains a general denial, reserving.th.e plea of res judicata, and admitting the services rendered to the filing of tableau to be worth $1,000. The defendant further says, that the payment of $1,000 was made in error, the plaintiff having agreed in writing to allow', the fees earned by Julien Seghers, amounting to $200, to be deducted from said sum, and he claims said sum of $200 in reconvention.
The Court below, after hearing the case, gave judgment for plaintiff, and the defendant appealed.
The provisional tableau of distribution referred to, was filed on the 3d and homologated on the 21st of January, 1863. J. B. Michoud, the universal legatee, who is a resident of France, arrived here on the 30th of November, 1863, and he left on the 20th February, 1864 On his leaving; he left with C. Guillet, former executor, the following document:.
“Pour réglement définitif de la succession de M. Michoud 'je demandrai la somme de deux mille piastres; ceci com.prend la mise en possession de l’héritier et la décharge des exécuteurs testamentares. ”
(Signed) “ G. Bupláktieb. *’->
This paper was brought into Court by said Guillet,' on a duces tecjir^',t and offered by the plaintiff in evidence. The defendant objected to. its introduction, on the grounds that it is the plaintiff’s own act, and is not evidence in his favor; that the plaintiff could not make evidence for himself, by sending a statement in writing to defendant, and then call for its production as proof; that nothing was shown to bind the defendant to the contract proposed in said paper, and even if there had been1 such proof it was inadmissible under the pleadings, which contain no allegatibii authorizing such proof. '
The Court overruled the objections, and received the document. We are of opinion that the Court did not err; the objections go to the effect and not to the admissibility; had the plaintiff claimed more than $2,000, this paper would have been good proof for the defendant to reject the surplus, and the plaintiff might show that the defendant’had acquiesced in or accepted it.
The defendant objected to proof of value of services rendered previous to the filing of tableau, and relied to support his objections upon the plea of res judicata; that plea being overruled, the Court properly received the evidence under the allegation in the petition, that such services were worth $2,000.
The defendant did not except to the petition on the grounds that the claim was based on a quantum meruit, and on a contract.
The defendant offered to prove by a witness, as alleged in his answer, that Duplantier, plaintiff, had agreed to deduct the $200 paid to Seghers, from his fees; plaintiff objected to said proof, on the ground that the answer alleged a written agreement. The Court sustained the objection. The defendant then moved to amend his answer by striking out ike word written; it was objected to, and amendment refused. The Court' decided properly. The defendant had restricted his own evidence, and no otkef *532 proof could' be received, and the case being on trial, it was too late to amend in order to enlarge the evidence. 19 L. 542. 1 R. 58. 13 An. 536. 14 An. 355.
■ There are two other bills of exceptions taken by defendant, and as the conclusion we have come to would not be changed by a decision upon them, wé pass them unnoticed.
Gustave Tournade testified; he says:
“I know the parties to this suit; I was present at the conversation between them, as to the payment of Guy Duplantier, attorney for J. B.' Michoud. Mr. Michoud came to the office of Duplantier, and' began conversation with him in relation to his fees in the succession of Michoud; he wanted to obtain a reduction; he thought the fee was too high, which reduction Duplantier refused to grant, stating thatit was a reasonable fee; the amount being $2,000. Then Mr. Michoud stated he could pay Duplantier, and was in the act of drawing out his pocket-book, when his son who accompanied him, remarked that he had not sufficient money to do so; Mr. Michoud then stated that he would pass again, and bring with him sufficient money to pay; this conversation took place, it maybe, two years ago. ”
This testimony is uncontradicted and unimpeached, and coupled with the paper brought into Court by Guillet, and which Michoud had left with him on his leaving for France, satisfies us that there was an understanding between the parties that plaintiff’s fees should be $2,000. If that paper was of no value, binding no one, why did the defendant preserve it so well, and leave it with Guillet? It strikes our mind thatit was to be us'ed in case the plaintiff had made a demand for more than $2,000.
Upon the whole, we are of opinion that plaintiff made out his case; besides this argument, it was fully proven by old members of the bar that the services were worth the amount claimed; some compute a value of $3,000.
It is therefore ordered and decreed, that the judgment of the District Court be affirmed, with costs.
Rehearing refused.